FILED
2017 Jun-13  PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MARIA MILES,** * | |
| * | |
| **Plaintiff,** * | |
| * | |
| **vs.** * | **CASE NO.:** _____ |
| * | |
| **CELADON GROUP** * | |
| **INCORPORATED, a corporation,** * | |
| **KEVIN SELLERS, an individual,** * | |
| **et al.** * | |
| * | |
| **Defendants.** * | |

### NOTICE OF REMOVAL

COME NOW the Defendants, Celadon Group Incorporated and Kevin Sellers, and file this Notice of Removal in this cause from the Circuit Court of Jefferson County, Alabama, Birmingham Division, in which it is now pending, to the United States District Court for the Northern District of Alabama, Southern Division, and show unto this Honorable Court as follows:

1.    On May 7, 2017, Plaintiff Maria Miles initiated this action by filing a Complaint in the Circuit Court of Jefferson County, Alabama, Birmingham Division, styled *Maria Miles v. Celadon Group Incorporated, a corporation, Kevin Sellers, an individual, et al.,* Civil Action No. 01-CV-2017-901874.  The lawsuit arises from a motor vehicle accident of May 7, 2015.  Plaintiff Miles alleges, *inter alia,* that Sellers, while in the line and scope of his employment with Celadon Group

Incorporated, negligently or wantonly operated a commercial vehicle, thereby causing a collision over two (2) years ago with the shuttle bus in which Plaintiff Miles was a passenger.  (Complaint, ¶ 15).  Plaintiff also asserts claims against Celadon for negligent/wanton hiring, training, supervision, and retention of Defendant Sellers.  (Complaint, ¶ 17).  Plaintiff further alleges that Celadon negligently and/or wantonly entrusted its commercial vehicle to Defendant Sellers. (Complaint, ¶ 19).

2.    The United States District Court for the Northern District of Alabama, Southern Division, encompasses the geographic area of the Circuit Court of Jefferson County, Alabama, Birmingham Division.  The Case Action Summary for this case, from the State Judicial Information System web site, alacourt.com, is attached as "Exhibit A."  Copies of all process, pleadings, and orders served in the state court are attached hereto as "Exhibit B."

3.    Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action originally filed in state court to federal district court when the district court has original jurisdiction to consider the case.  "Original jurisdiction requires diversity of the parties or the existence of a federal question." *Lost Mountain Homeowners Ass 'n, Inc. v. Rice,* 248 F. App'x 114, 115 (11th Cir. 2007).  This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) as Plaintiff and Defendants are citizens of

different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  All Defendants consent to join in this request for removal.

## Complete Diversity of Citizenship Exists

4.    Complete diversity of citizenship existed among these parties at the time the lawsuit was filed in state court and on the date of this Notice of Removal. The Plaintiff has also listed twenty (20) fictitious Defendants in the style of the Complaint, with varying degrees of liability.[1]  Plaintiff is a citizen of Alabama. (Ex. B, Complaint, ¶ 1.)  Celadon Group Incorporated is a citizen of Indiana as it is a foreign corporation that maintains its principal place of business in Indianapolis, Indiana.  28 U.S.C. § 1332(c)(1); see (Ex. B, Complaint, ¶ 3); *see Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1260 n.2 (11th Cir. 2006) (district court may take judicial notice of a defendant corporation's citizenship based on reference to public records). Defendant Sellers is a citizen of Georgia.  (Ex. B, Complaint, ¶ 2.)   Thus, complete diversity exists between the plaintiff and defendants.

## The Amount in Controversy Exceeds $75,000.00

4.    The amount in controversy in this action exceeds the jurisdictional threshold of $75,000, exclusive of interests and costs.  In *Roe v. Michelin,* the 11th

---

[1] The citizenship of fictitious defendants is disregarded in determining whether an action is removable on diversity grounds.  28 U.S.C. § 1441(b)(1).

Circuit Court of Appeals explained a defendant's burden where a complaint is silent as to the amount of damages sought (as is the Complaint in this case):

> If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the…jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. *See, e.g., Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010). In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id.* at 754 (quoting *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316,1319 (11th Cir. 2001)).

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See Id.* (Explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiffs evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See Id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint…establishes the jurisdictional amount." *See Id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.,* 637 F.Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams,* 269 F.3d at 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial

experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits.

*Roe v. Michelin N Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010).

6.      In her Complaint, Plaintiff alleges she suffered "injury to various portions of her body" and "pain to various portions of her body" she alleges that "she was knocked, shocked, bruised and contused over various portions of her body."  (Ex. B, Complaint, ¶ 11.)  Plaintiff further asserts that she was "permanently injured and damaged" and "she suffered great mental anguish." *Id.*  Plaintiff alleges that she was "caused to incur expenses for treatment from various doctors, physicians, and hospitals" and even though it has been over two (2) years since the subject accident, she alleges that she "will continue to incur expenses" in the future. *Id.*  Plaintiff also alleges that "she was caused to incur aggravation and or exacerbation to then existing conditions that she either did or did not know of at the time of the wreck. *Id.*  Plaintiff further alleges that she "was caused to suffer lost wages" and "her vehicle was torn, twisted and diminished in value as a result of this accident." *Id.*

Plaintiff seeks an award of compensatory and punitive damages.  In determining the amount in controversy, each category of damages claimed in a complaint, including "punitive damages[,] must be considered…unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("[T]he question remains whether it is apparent to a legal certainty from

the complaint that [plaintiff] could not recover…sufficient punitive damages to make up the requisite [amount-in-controversy].")

Plaintiff alleges that before the collision, Defendant Sellers "was approaching at an unsafe rate of speed…"  (Ex. B, Complaint, ¶ 8.)  The Plaintiff further alleges that Defendant Sellers was travelling too fast to stop as "Defendant Sellers was operating his vehicle at an excessive rate of speed on U.S. Highway 78." (*Id*. ¶ 9.)  *See* Ex. B.  These averments, claiming both compensatory and punitive damages, establish the amount in controversy exceeds $75,000 exclusive of interest and costs.  *See Bush v. Winn Dixie Montgomery, LLC,* No. 2:15-cv-1133-WMA, 2015 U.S. Dist. LEXIS 115272, at *3 (N.D. Ala. Aug. 31, 2015) (citing *Roe v. Michelin)* (though Complaint lacked *ad damnum* clause, its allegations that plaintiff incurred medical expenses for "pain and suffering, permanent injuries, continuing injuries, and mental anguish" were sufficient to establish the amount in controversy); Memorandum Opinion and Order at 7-8, *Dina Coleman v. Dollar General Corp.,* No. 2:15-cv-01735-KOB (N.D. Ala. Dec. 18, 2015) (citing *Roe v. Michelin)* (denying motion to remand where complaint alleged "extreme pain and mental anguish, substantial medical expenses, and permanent injury"); *Smith v. State Farm & Casualty Co.,* 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs ... who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more

than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.,* No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff'…alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000"). *See also Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (U.S. 2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

7.     This Notice of Removal is timely filed as it has been filed within 30 days from the date of service of the Summons and Complaint. 28 U.S.C. § 1446(b)(1); *Fabre v. Bank of Am., NA,* 523 F. App'x 661, 663 (11th Cir. 2013) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (U.S. 1999)).

8.     Contemporaneous with the filing of this Notice of Removal, a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama, Birmingham Division, and served upon counsel or all adverse parties

as provided in 28 U.S.C. § 1446(d).  Additionally, a Notice of Filing Notice of Removal, which is attached as "Exhibit C", is being served upon the Plaintiff.  Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, this action is properly removed to this Court.

9.     By filing this Notice of Removal, Defendants do not waive any of their defenses, including, but not limited to, any defenses under Rule 12, FED. R. Civ. P.

*/s/ C. Winston Sheehan, Jr.*
C. WINSTON SHEEHAN, JR. (SHE013)
*Attorney for Defendants, Celadon Group*
*Incorporated and Kevin Sellers*

**OF COUNSEL:**
BALL, BALL, MATTHEWS & NOVAK, P.A.
445 Dexter Avenue - Suite 9045 (36104)
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
wsheehan@ball-ball.com

*/s/ Christopher J. Zulanas*
CHRISTOPHER J. ZULANAS (ZUL001)
*Attorney for Defendant,*
*Celadon Group Incorporated*

**OF COUNSEL:**
Friedman, Dazzio, Zulanas & Bowling, P.C.
3800 Corporate Woods Drive (35242)
Post Office Box
Birmingham, Alabama 35243
(205) 278-7050
(205) 278-7001(Fax)
czulanas@friedman-lawyers.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2017, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served via U.S. mail:

J. Ross Massey
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222

*/s/ C. Winston Sheehan, Jr.*
OF COUNSEL
