IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARIA MILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:17-cv-996-TMP |
| ) | |
| CELADON GROUP, INC., ) | |
| and KEVIN SELLERS, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

This action is before the court on the motion for summary judgment filed on March 14, 2019, by defendants Celadon Group, Inc., ("CGI") and Kevin Sellers. (Doc. 42). The matter has been fully briefed, and the parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. 636(c).

## **SUMMARY JUDGMENT STANDARD**

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions

of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  Celotex, 477 U.S. at 322-23.  There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."  Id. at 323.

Once the moving party has met his burden, Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324 (quoting former Fed. R. Civ. P. 56(e)).  The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings.  Celotex, 477 U.S. at 324.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential

2

to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v.

3

Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## **UNDISPUTED FACTS**

Viewing the evidence in the light most favorable to the nonmoving party, as this court must for purposes of summary judgment, the facts pertinent to the defendants' motion for summary judgment are as follows.

The plaintiff, Maria Miles, was injured in a traffic accident when the bus in which she was a passenger collided with a tractor-trailer driven by defendant Kevin Sellers. At about 10:20 a.m. on May 7, 2015, Miles was riding in a bus driven by Yolanda McKinney. Miles, who had driven the bus route in the past, was showing

McKinney the route. Miles and McKinney were both employed by the City of Birmingham Department of Public Works. Miles worked as a "crew leader."

Defendant Sellers was a commercial truck driver, operating a tractor-trailer for A&S Services Group, LLC, which is not a party to this action.[1] Sellers was driving westbound on U.S. Highway 78. McKinney entered Highway 78 from Daniel Payne Drive, turning right onto the highway and heading in the same direction as Sellers.[2] Highway 78 is a four-lane highway, with two lanes traveling in the same direction on each side of a median separating the northbound and southbound traffic. Sellers was in the left lane of the two southbound lanes when McKinney entered the highway ahead of him, turning from Daniel Payne Drive into the right southbound lane. McKinney, intending eventually to turn left, moved into the left southbound lane, ahead of Sellers. The front of Seller's truck struck the driver's side of the bus. The bus overturned and skidded on its side. Plaintiff Miles alleges that Sellers was driving in excess of the 50-mile-per-hour speed limit. Sellers has testified that he was driving 50 to 55 miles per hour. McKinney has testified that she saw the truck coming in the left lane, but she thought the truck was

---

[1] Although the complaint asserts that CGI was Seller's employer, the plaintiff has conceded that CGI was not Sellers' employer, and was not the owner or operator of the truck. Plaintiff has conceded that CGI's motion for summary judgment is due to be granted.

[2] Some of the evidence refers to the direction as northbound, but the only issue of importance is that both vehicles were traveling in the same direction.

a safe distance behind her. The plaintiff has testified that after McKinney turned the bus off Daniel Payne Drive onto Highway 78, she (McKinney) pulled over to the right shoulder of the highway to look for something. The bus remained there several minutes and then was struck by Sellers' truck. (Doc. 44-14, Trial Transcript, pp. 18-25).

A lawsuit was filed in the Jefferson County Circuit Court by Sellers and the passenger in Sellers' truck, Christina Gordon, against defendants McKinney and the City of Birmingham. Plaintiff Miles as *not* a party in that action. Sellers settled his action against the City and McKinney before trial. Gordon's negligence claim proceeded to trial, and a jury found McKinney negligent. Plaintiff Maria Miles filed the instant action against Sellers and CGI in the Circuit Court of Jefferson County, alleging negligence, wantonness, *respondeat superior*, negligent entrustment, and negligent hiring, supervision, and training. The case was removed to this court on the basis of diversity jurisdiction.

In responding to the instant motion for summary judgment, plaintiff conceded that defendant CGI is entitled to summary judgment on all claims, and that Sellers is entitled to summary adjudication of the wantonness claim against him. Consequently, the motion for summary judgment in favor of CGI on all claims against it is due to be granted, and the motion is also due to be granted on the claim

6

that Sellers acted wantonly. The court is left to evaluate plaintiff's sole remaining claim of negligence against Sellers.

## DISCUSSION

Defendant Sellers asserts that the negligence claim against him is due to be dismissed because: (1) the plaintiff is barred from recovery because she was contributorily negligent, and (2) the plaintiff is barred from recovery by the doctrine of *res judicata* because a jury determined that the driver of the bus, McKinney, was negligent and that finding is binding on the plaintiff in this action. In response, the plaintiff asserts that no negligence on the part of the bus driver can be imputed to the plaintiff, and that the elements of *res judicata* under Alabama law are not met where the other lawsuit involved different parties.

### Contributory Negligence

Defendant Sellers seeks summary adjudication of plaintiff's negligence claim on the ground that the plaintiff was contributorily negligent. Defendant bases his assertion on the Alabama Supreme Court's holding in Serio v. Merrell, 941 So. 2d 960 (Ala. 2006). As the court in Serio explained:

> "Contributory negligence is an affirmative and complete defense to a claim based on negligence. In order to establish contributory negligence, the defendant bears the burden of proving that the plaintiff 1) had knowledge of the dangerous condition; 2) had an appreciation of the danger under the surrounding circumstances; and 3) failed to

7

> exercise reasonable care, by placing himself in the way of danger. *See Knight v. Alabama Power Co.*, 580 So. 2d 576 (Ala.1991)."
>
> *Ridgeway v. CSX Transp., Inc.*, 723 So. 2d 600, 606 (Ala.1998).
>
> While the question of contributory negligence is normally one for the jury, if the facts are such that all reasonable people would logically have to reach the conclusion that the plaintiff was contributorily negligent, then contributory negligence may be found as a matter of law. *Knight v. Seale*, 530 So. 2d 821, 824 (Ala.1988); *Knight v. Alabama Power Co.*, 580 So. 2d 576 (Ala.1991); *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So. 2d 158 (Ala.1997); *Ridgeway*, 723 So. 2d at 607.

Serio, 941 So. 2d at 964.

In Serio, the driver of a car was injured when she pulled into an intersection as tractor-trailer truck, which had the right-of-way, approached. The truck driver "applied all of his brakes and attempted to steer to the left to avoid Serio's vehicle," but the two collided. 941 So. 2d at 964. The accident occurred on a clear and sunny day. The plaintiff testified that she did not know why she did not see the truck, and a witness who was stopped behind the plaintiff said he could see the approaching truck "very clearly." 941 So. 2d at 964. The trial court granted summary judgment on the negligence claim in favor of the defendant truck driver on the basis that the defendant had demonstrated the elements of contributory negligence, and that the plaintiff had failed to carry her burden of showing any

8

genuine issue of material fact as to those elements. The appellate court affirmed, noting:

> [The defendant truck driver] made a prima facie showing that Serio was contributorily negligent, entitling it to a summary judgment based on that defense, by establishing that she pulled into the path of the large oncoming truck when she could not have failed to see it had she looked to her left before, or as, she moved forward into the intersection. Her own testimony established that she consciously appreciated the danger posed by pulling onto a highway on which the vehicles traveling have the right-of-way, without first making sure that no vehicle was approaching too closely. She admitted that there was no reason she could not have seen the tractor-trailer truck before she pulled out, given the prevailing conditions.
>
> ...
>
> The danger of pulling out from a stop sign onto a public highway traversed by two-way traffic having the right-of-way and traveling at highway speeds, without making a final observation to one's left sufficiently attentive to detect in the daylight the impending arrival of a truck of such size as to be inescapably obvious to one taking the precaution of making such an observation, is self-evident, and all reasonable people would logically have to conclude that Serio would have, or should have, consciously appreciated that danger when she drove forward into the intersection. Despite Serio's somewhat ambivalent explanation, "I did not think I saw anything, and I pulled out.... I mean, I didn't see anything. I can't imagine pulling out if I had seen a big truck coming there," she essentially acknowledges that an adequate observation to her left would have revealed the approaching truck.

941 So. 2d at 965.

The plaintiff argues, and the court agrees, that the reasoning in Serio is relevant only to the question of whether McKinney, the driver of the bus, was negligent by changing lanes in front of the truck. Even if the comparison between Serio and the instant case compels a conclusion that *McKinney* was negligent, the defendant can prevail only if the court decides *both* that McKinney was negligent as a matter of law and that the negligence can be imputed to the plaintiff bus passenger. In support of his argument that McKinney's negligence can be imputed to Miles, Sellers contends that the plaintiff was more than a mere passenger, but was McKinney's supervisor, training her on the bus route. Sellers relies on Shannon v. Hollingsworth, 279 So. 2d 428 (Ala. 1973), for the proposition that a driver's negligence may be imputed to a passenger where the passenger assumed "guidance or management" over the operation of the automobile in a way that "bears a direct relationship to the cause of the accident." 279 So. 2d at 432. The defendant points to the testimony of McKinney, who stated that Miles was "giving instructions" to her regarding driving the route. McKinney testified at the state-court trial:

Q: Okay. And Ms. Miles, who was in the vehicle with you, she was giving you instructions as to what to do, correct?

A: Yes.

Q: Okay. This is a route she had driven before, right?

>
> A: Yes.
>
> Q: All right. She was instructing you on what to do, and the instruction was to go up here to this light up here and turn around in the shopping center up there, right?
>
> A: Yes.

(Doc. 44-14, Trial Transcript, pp. 32-33). In opposition, the plaintiff argues that any negligence by McKinney cannot be imputed to her, and that, even if it could, the issue of negligence and causation are questions of fact to be submitted to the jury and should not be determined by the court on a motion for summary judgment. (Doc. 47, p. 5).

In Shannon, the sole case relied upon by the defendants in support of imputing the negligence of a driver to a passenger in the vehicle, the Alabama Supreme Court reversed and remanded based upon a jury instruction for contributory negligence where the plaintiff, a passenger, had been giving the driver route instructions. 279 So. 2d at 342. The court noted:

> This evidence clearly shows that the appellant-plaintiff did have a voice as to the route which the driver followed, however, there is absolutely no evidence from which the jury would have found that the appellant-plaintiff had any control over the speed at which the automobile was traveling, the yielding or failure to yield the right of way at intersections, or any other of the elements which contribute to the manner in which the automobile proceeded along the route he selected. It should be noted that the word 'direction' referred to in the

11

> above quote from *Johnson [v. Battles*, 52 So. 2d 702 (Ala. 1951)] does not signify the line or course upon which anything is moving, but rather guidance or management. The control exercised by the passenger must be over some element contributing to the operation of the automobile which bears a direct relationship to the cause of the accident. It would certainly be improper to maintain that a passenger who had assumed the control of the regulation of the car's air conditioner was chargeable with the driver's negligence in an accident caused by the latter's excessive speed. It is no less improper to charge a passenger with the negligent manner in which the driver operates an automobile over a route selected by such passenger when the passenger has assumed only the direction of the route. A navigator of an airplane is not responsible for a pilot making a faulty landing.
>
> The appellant-plaintiff Shannon in the instant case had assumed control over only the route followed by the driver, and this court has been unable to find any evidence in the record from which the jury could have found any causal connection between the route followed and the cause of the accident and injuries. For this reason the control exercised by appellant-plaintiff was not of such a nature as to authorize the imputation of the driver's negligence to the passenger-appellant-plaintiff Shannon under the factual setting of this case.

Shannon, 279 So. 2d at 432–33.

The court finds that Miles's role in giving McKinney instructions on what route to follow is analogous to the role of the plaintiff in Shannon. There is no evidence that Miles had any responsibility for McKinney's ability to steer, brake, turn, or change lanes. There is no evidence that Miles was "directing" McKinney in the moment-to-moment operation of the bus. Even though the defendant refers to Miles as McKinney's supervisor, there is no evidence that anything Miles had

12

authority over had any causal connection to the accident that caused her injuries. The facts presented here do not create a situation in which the court can say, as a matter of law, that all reasonable people would find that the plaintiff was exercising such extensive control over the actual operation of the bus that she herself was contributorily negligent. Based upon all of the arguments and evidence offered in support of and in opposition to the motion for summary judgment, the motion to dismiss the plaintiff's negligence claim on the basis of the affirmative defense of contributory negligence is due to be denied.

### *Res Judicata*

The defendant asserts that the plaintiff's claims are barred by the doctrine of *res judicata* because the Jefferson County Circuit Court, after a jury trial, determined that McKinney and, through *respondeat superior*, the City of Birmingham were "negligent and responsible for" the collision from which Miles's claims arise. The plaintiff replies that *res judicata* does not apply because the state-court trial involved different parties and different legal theories.

Under Alabama law, "[a] plea of res judicata attaches to the merits of a second complaint where it is demonstrated that the parties and the cause of action are identical to those of the first complaint and that the first complaint ended in a final judgment on the merits." Almon v. Battles, 541 So. 2d 519, 520 (Ala. 1989) (citing

Whisman v. Alabama Power Co., 512 So. 2d 78 (Ala.1987). The elements of *res judicata* are "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits." Hughes v. Allenstein, 514 So. 2d 858, 860 (Ala.1987). "If those four elements are present, any claim that was or could have been adjudicated in the prior action is barred from further litigation." Webb v. City of Demopolis, 14 So. 3d 887, 894 (Ala. Civ. App. 2008) (quoting Dairyland Ins. Co. v. Jackson, 566 So. 2d 723, 725 (Ala.1990)).

There is no dispute that the Jefferson County Circuit Court was a court of competent jurisdiction. However, it is clear that the claim brought by Sellers in that action ended in settlement; it was not adjudicated to a final judgment on the merits. Only the claims of Sellers' passenger (Gordon) against McKinney and the City were adjudicated to a final judgment on the merits. Neither Sellers nor Miles was a party to the state-court action. The issues before this court, therefore, are (1) whether there is sufficient identity of interest between Sellers' passenger and Sellers, and between McKinney and the City and Miles, and (2) whether the claims presented in the state-court trial are the same cause of action asserted in the instant case.

The party identity element of "res judicata does not require complete identity, but only that the party against whom res judicata is asserted was either a party or in

privity with a party to the prior action or that the non-party's interests were adequately represented by a party in the prior suit, and the relationship between the party and non-party is not so attenuated as to violate due process." Whisman v. Alabama Power Co., 512 So. 2d 78, 82 (Ala. 1987) (citations omitted)." Such identity of parties may exist where predecessors to a title in land were parties, see Williams v. Moore, 36 So. 3d 533, 539–40 (Ala. Civ. App. 2008), or where there the parties are "in privity of estate, blood, or law with the original parties." Lott v. Toomey, 477 So. 2d 316, 319 (quoting Clark v. Whitfield, 105 So. 200, 203 (Ala. 1925)).

Sellers argues that he was a party to the state-court action and that Miles is in privity with the City and McKinney because she was an employee of the City and because her interests were "closely aligned" with McKinney's. (Doc. 43, p. 20). But it must be remembered that Sellers settled his previous claim in state court; there is no final judgment on the merits between him and the City and McKinney. Instead, Sellers must rely on the argument that he was in privity with his passenger (Gordon) and that he gets the benefit of the final judgment *she* obtained.

The defendant has not pointed to any Alabama case that has applied the doctrine of *res judicata* in the manner Sellers urges, and the court finds none.[3]

---

[3] The *res judicata* effect, also known as claim preclusion, sought by Sellers requires a closer identity of parties than issue preclusion, or the doctrine of collateral estoppel. Dairyland

Neither Sellers nor Miles was a party or was in privity to any party in the action that was actually litigated. Because Sellers settled his claim, it was never adjudicated on the merits. Further the mere driver-passenger relationship between Sellers and Gordon did not create privity between them, any more so than between a passenger on a bus or train or airplane is in privity with the bus driver, train engineer, or airplane pilot.

Further, there is no evidence sufficient to establish privity between McKinney and Plaintiff Miles. Certainly McKinney was not acting as an agent of Miles, and neither the City nor McKinney was representing Miles's interests during the state-court trial.[4] It is clear that neither the City nor McKinney "adequately represented" Miles's interests in the prior suit. Indeed, it is obvious that the City and McKinney had interests adverse to Miles.[5] Enforcing against Miles the judgment rendered against them in the state-court action would effectively deny

---

Ins. Co., 566 So. 2d at 726. Furthermore, Alabama courts have pointed out that in Dairyland and the cases quoted and cited therein describing the identity-of-parties requirement, "the party who asserted the *res judicata* defense was also a party to the prior action." Thomas v. Lynn, 620 So. 2d 615, 617 n.1 (Ala. 1993). Here, Sellers was not a party to the prior action, having settled his claims before trial. He was not bound by that judgment, and he now seeks to benefit from it.

[4] Because Miles was not a party to the state-court action, she had no duty to raise the issue of Sellers' negligence as a counterclaim in that action, and cannot be barred because the City and McKinney failed to raise it.

[5] Miles certainly had a worker's compensation claim against her employer, the City, and a potential negligence/wantonness claim against McKinney. She was in an adverse position to them, so it is not possible to say that they adequately represented her interests in the state litigation. Indeed, to adequately represent her interests, they would have had to sue themselves.

Miles of due process of law by stripping her of a valuable claim without having had an opportunity to present it.  See Whisman v. Alabama Power Co., 512 So. 2d 78, 82 (Ala. 1987).   Accordingly, there is no identity of parties.

Even if the parties could be deemed to be the "same," the res judicata argument would be without merit because the causes of action in the two lawsuits have not been shown to be the same.  While the negligence asserted by Miles involves the same evidence and arises from the same nucleus of operative fact as the negligence claim asserted by Gordon in the prior case, each injured person owns a "cause of action" for her injuries that is personal to herself.  Multiple persons injured in a single event *each* accrue a cause of action, personal to each injured person; they do not share a single cause of action.  Thus, Gordon's cause of action for her injuries is not the same cause of action that Miles alleges for her own personal injuries.  The share some of the same evidence and events, but each is unique to each plaintiff.  Accordingly, the court finds that the third and fourth elements of *res judicata* have not been met and the defendant is not entitled to summary adjudication on the plaintiff's claims on that ground.

## CONCLUSION

Consistent with the foregoing discussion of the evidence presented by the defendant in support of the motion for summary judgment and the plaintiff's

submission in opposition, the motion for summary judgment is due to be granted in part and denied in part. Because there are genuine issues of material fact regarding negligence and causation, defendant Sellers is not entitled to judgment as a matter of law on Miles's negligence claim against him. Accordingly, the motion for summary judgment (doc. 42) is due to be and hereby is DENIED as to the plaintiff's claim of negligence against Sellers. Because the plaintiff concedes that the wantonness claim against Sellers is due to be dismissed, the motion is GRANTED as to the wantonness claim against Sellers. Plaintiff also concedes that the negligent entrustment and negligent supervision claims against CGI are due to be dismissed, and, thus, the motion is GRANTED as to those claims against defendant CGI.

A separate order will be entered dismissing the claims as set forth *supra*. The action will proceed on the sole claim of whether defendant Sellers was negligent in the operation of his truck and proximately caused injury to the plaintiff.

DONE the 22nd day of May, 2019.

                                                                         T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE